**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ANDREW and CORIE LIPSKI, on
behalf of themselves and all others
similarly situated,

            Plaintiffs,

v.

LUMBER LIQUIDATORS, INC.,
a Delaware corporation,

            Defendant.
_____/

CASE NO.


**JURY TRIAL DEMANDED**


## CLASS ACTION COMPLAINT

Plaintiffs, Andrew and Corie Lipski ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class," as more fully defined below), allege against Defendant Lumber Liquidators, Inc. ("Lumber Liquidators" or the "Company"), the following facts and claims upon knowledge as to the matters relating to themselves and upon information and belief as to all other matters and, by way of the Class Action Complaint, aver as follows:

## INTRODUCTION

1.      This is a proposed class action brought by Plaintiffs on behalf of themselves and the below-defined Class against Lumber Liquidators to obtain damages and declaratory relief arising from and relating to their purchase and installation of Lumber Liquidators' Chinese wood flooring material ("Chinese Flooring").

2.      This class action arises out of Lumber Liquidators' scheme to import into the United States, and to falsely warrant, advertise, and sell Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards with respect to these products.

3.      In particular, in contrast to its direct representations to the contrary, Lumber Liquidators manufactures, sells, and distributes Chinese Flooring which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

4.      Further, contrary to Lumber Liquidators' repeated, detailed representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the toxic formaldehyde emissions form the

Company's Chinese Flooring is multiple times the maximum permissible limits set by those standards at the time of purchase.

5. Lumber Liquidators' behavior with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiffs and the other Class members to suffer direct financial harm. Plaintiffs' purchase is markedly less valuable because of its elevated level of formaldehyde. Plaintiffs would have paid significantly less, if they purchased Chinese Flooring at all, had they known that the product contained elevated levels of the toxin formaldehyde.

6. Plaintiffs assert claims individually and on behalf of the other members of the proposed Class.

## **PARTIES**

7. Plaintiffs Andrew and Corie Lipski are natural persons and citizens of Georgia. Plaintiffs own a home in Savannah, Chatham County, Georgia in which Lumber Liquidators' Chinese Flooring is installed. In November 2013, Plaintiffs purchased Chinese Flooring from Lumber Liquidators and installed it in their home. Plaintiffs relied on the representation of Lumber Liquidators, Lumber Liquidators' representatives, and the express warranties on the Chinese Flooring in selecting Lumber Liquidators' Chinese Flooring over all other brands of flooring. The flooring has warped, splintered, buckled and swelled.

8.     Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the State of Georgia, and service of process may be served upon its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiffs are citizens of Georgia and Defendant is incorporated in Delaware and has its principal place of business in Virginia), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiffs' Class.

10.     Venue is proper in this District under 28 U.S.C. § 1391 because Lumber Liquidators does business and/or transacts business in this Judicial District and, therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## FACTUAL ALLEGATIONS

11.    Lumber Liquidators have manufactured, labeled and sold, during the Class Period, the toxic Chinese Flooring as being compliant with "CARB regulations in the State of California."  CARB is an acronym for the California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.

12.    Lumber Liquidators' Chinese Flooring is not what it purports to be. The Chinese Flooring contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Contract Act, 15 U.S.C. 2601 et. seq. (Title VI – Formaldehyde Standards of Composite Wood Products) and is hazardous to human health.

13.    Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems. The risk of these health problems is significantly greater for children.

14.    Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk. Day after day, week after week, month after month, Plaintiffs live in their home, an enclosed place, where the flooring is emitting formaldehyde fumes.

15.    Because the Chinese Flooring emits excessive formaldehyde levels, it violates the Georgia building code and industry standards, including the applicable Building Codes and CARB standards, as well as Lumber Liquidators' express representations and warranties.

16.    The defects and deficiencies are due to fundamental design, engineering, and manufacturing errors well within Lumber Liquidators' area of expertise.

17.    Thus, Lumber Liquidators deceptively manufactured, labeled, and sold the Chinese Flooring.

18.    Moreover, during contact with Plaintiffs and Class members, Lumber Liquidators concealed its knowledge of repeated product defects in the Chinese Flooring in the Class members' structures.

19.    Further, Lumber Liquidators' marketing materials for the Chinese Flooring contain false and misleading information relating to compliance with California standards and were designed to increase sales of the product at issue.

20.    Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has not notified all purchasers, builders, and/or homeowners with the Chinese Flooring of the defect nor provided uniform relief.

21.     Plaintiffs and Class Members have not received the value for which they or their builder bargained when the Chinese Flooring was purchased. There is a difference in value between the Chinese Flooring as warranted and the Chinese Flooring containing the defect.

22.     Plaintiffs and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring.  Plaintiffs and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## CLASS ACTION ALLEGATIONS

23.     Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4) are met with respect to the classes defined below:

> **DAMAGES CLASS:**
> **All persons and entities in the State of Georgia who purchased and installed wood flooring from Lumber Liquidators either directly or through an agent, that was sourced, processed, or manufactured in China.**
>
> **DECLARATORY RELIEF CLASS:**
> **All persons and entities in the State of Georgia who purchased and installed wood flooring from Lumber Liquidators either directly or through an agent, that was sourced, processed, or manufactured in China.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Lumber Liquidators, its affiliates, employees officers and directors, persons or entities that distribute or sell Lumber Liquidators flooring; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

24.     *Numerosity:* The Classes are composed of thousands of persons geographically dispersed, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Classes are ascertainable and identifiable from Lumber Liquidator records or documents.

25.     *Commonality*: Questions of law and fact common to the Classes exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual issues include, but are not limited to the following:

> a. Whether Lumber Liquidators' Chinese Flooring products emit excessive levels of formaldehyde;
>
> b. Whether Lumber Liquidators represented and warranted that its Chinese Flooring products complied with their label descriptions;
>
> c. Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiffs and the other Class members regarding the illegal sourcing of its Chinese Flooring products;

d. Whether Lumber Liquidators breached its express and/or implied warranties to Plaintiffs and the other Class members with respect to its Chinese Flooring products;

e. Whether and when Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to the label description;

f. Whether the Chinese Flooring has not performed or will not perform in accordance with the reasonable expectations of ordinary consumers;

g. Whether the Chinese Flooring when sold was not merchantable and reasonably suited to the use intended in violation of O.C.G.A. § 51-1-11;

h. Whether the Chinese Flooring conforms to the applicable building code and/or relevant industry standards;

i. Whether Lumber Liquidators breached the implied warranty of merchantability in that the Chinese Flooring: (i) is not fit for the ordinary purposes for which the Chinese Flooring was sold; (ii) would not pass without objection in the trade; or (iii) failed to conform to the promises or affirmations of fact made by Lumber Liquidators in conjunction with the sale of the Chinese Flooring;

j. Whether Lumber Liquidators' express warranty fails of its essential purpose;

k. Whether Lumber Liquidators' limitations and exclusions contained in its warranty are unconscionable;

l. Whether the purported disclaimer of implied warranties contained in the Lumber Liquidators' warranty is rendered unenforceable by being insufficiently conspicuous;

m. Whether, as a result of Lumber Liquidators' conduct, Plaintiffs and the other Class members have suffered damages; and if so, the appropriate measure of damages to which they are entitled;

n. Whether, as a result of Lumber Liquidators' conduct, Lumber Liquidators was unjustly enriched; and

o. Whether, as a result of Lumber Liquidators' misconduct, Plaintiffs and the other Class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

26.   *Typicality:* Plaintiffs' claims are typical of the claims of the other Class members. Plaintiffs and each of the other Class members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

27.   *Adequate Representation:* Plaintiffs will fully and adequately assert and protect the interests of the other Class members. In addition, Plaintiffs have retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiffs nor their attorneys have any interests contrary to or conflicting with other Class members' interests.

28.   *Predominance and Superiority:* This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication

of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and Courts throughout Georgia would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

29.    Plaintiffs bring this action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of all others similarly situated.

## COUNT I
## NEGLIGENCE/NEGLIGENT DESIGN
### (Damages Class)

30.    Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

31.    Lumber Liquidators had a duty to Plaintiffs and Class Members to exercise reasonable and ordinary care in the formulation, testing, design,

manufacture, and marketing of Chinese Flooring either through its own testing or by verifying third-party test results.

32.    Lumber Liquidators had a duty to Plaintiffs and Class Members to ensure that the Chinese Flooring complied with all applicable building codes and industry standards.

33.    Lumber Liquidators breached its duty by producing and selling inherently defective flooring to Plaintiffs and Class Members.

34.    Lumber Liquidators failed to exercise ordinary and reasonable care in the design and manufacture of the Chinese Flooring.

35.    As described herein, Lumber Liquidators' defective Chinese Flooring have failed in numerous ways, including unsafe levels of formaldehyde emissions, blistering, splintering, bulking and swelling.

36.    Lumber Liquidators further breached its duty by failing to notify Plaintiffs and Class members of the defects in the Chinese Flooring they were purchasing and installing and by failing to take any remedial action once Lumber Liquidators was on notice that its products were defective.

37.    Lumber Liquidators knew or should have known that the Chinese Flooring was defective, would fail prematurely, was not suitable for use as interior

flooring, and otherwise was not as warranted and represented by Lumber Liquidators.

38.   Were the design defects known at the time of manufacture, a reasonable person would conclude that the utility of the product did not outweigh the risk inherent in marketing a product designer in that manner.

39.   It was also completely foreseeable to Lumber Liquidators that Plaintiffs and the Class members would rely upon Lumber Liquidators' marketing claims and other representations regarding the quality and life-expectancy when purchasing Lumber Liquidators' Chinese Flooring.

40.   As a direct and proximate cause of Lumber Liquidators' negligence, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes, residences, buildings, and other structures a flooring product that was defective and that fails prematurely due to unsafe levels of formaldehyde emissions, buckling, swelling, blistering and splintering and other inherent defects.

## COUNT II
## STRICT PRODUCT LIABILITY
### (Damages Class)

41.   Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set

forth herein.

42.     At all times relevant to this Complaint, Lumber Liquidators was engaged in the design, manufacture, and sale of the Chinese Flooring and had a statutory duty of care as set forth by O.C.G.A. § 51-1-11.

43.     As detailed herein, Lumber Liquidators breached this duty of care by designing Chinese Flooring which blisters, splinters, swells and emits unsafe levels of dangerous formaldehyde.

44.     As a result of these defects, the Chinese Flooring, at the time of sale, was not merchantable or reasonably suited to the use intended and reached consumers without substantial or significant changes in the condition from when Lumber Liquidators sold them.

45.     Lumber Liquidators' breach of its statutory duties was the actual and proximate cause of Plaintiffs' and the Class members' damages.

46.     The defective Chinese Flooring caused, among other damages and expense, damage to the underlying structure. These damages include components of the structures distinct from the Chinese Flooring itself.

47.     Because of Lumber Liquidators' defective design of the Chinese Flooring, Plaintiffs and the putative Class members have been, currently are, and will be damaged in an amount to be determined at trial.

48.     Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorneys' fees, interest and costs.

**COUNT III**
**BREACH OF EXPRESS WARRANTY**
**(Damages Class)**

49.     Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

50.     Lumber Liquidators warranted that its flooring was free of defects when it sold those products to Plaintiffs and the members of the Class as described in this Complaint. Defendants further represented that its flooring products complied with CARB formaldehyde standards and all applicable laws and regulations.

51.     These representations became the basis of the bargain when Plaintiffs and the Class member purchased the Chinese Flooring. Plaintiffs and Class members would not have purchased the Chinese Flooring (or the homes in which they were installed) if it was disclosed that the Chinese Flooring did not conform to Lumber Liquidators' express representations and warranties.

52.    Lumber Liquidators breached their warranties by:

   a. Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

   b. Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

   c. Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

53.    The limitations on remedies and the exclusions in Lumber Liquidators' warranties are unconscionable and unenforceable in light of the fact that Lumber Liquidators knew or should have known that the Chinese Flooring suffered from the inherent design and manufacturing defects described herein. Lumber Liquidators was also on notice regarding the excessively high levels of formaldehyde in its flooring from the complaints and requests for refund it received from Class members, Internet message boards and from published product reviews.

54.    Lumber Liquidators has denied, failed to pay in full, or failed to properly respond to Plaintiffs' and Class Members' valid warranty claims.

55.    As a direct and proximate result of Lumber Liquidators' misconduct, Plaintiffs and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale. Additionally, Plaintiffs and the other Class members have either incurred or will incur economic

damages at the point of repair in the form of the cost of repair and/or the cost of purchasing non-defective flooring to replace the Lumber Liquidators' flooring.

56.    Plaintiffs and the other Class members are entitled to legal and equitable relief against Lumber Liquidators, including damages, consequential damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

**COUNT IV**
**BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY**
**(Damages Class)**

57.    Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporates by reference all foregoing allegations as though fully set forth herein.

58.    Because Lumber Liquidators extended an express warranty for the Chinese Flooring to Plaintiffs and the Class, privity of contract exists between Lumber Liquidators and Plaintiffs and the Class.

59.    Lumber Liquidators is a designer, manufacturer and supplier of the Chinese Flooring and for a number of years, marketed, warranted, distributed, and/or sold the Chinese Flooring in Georgia.

60.     Lumber Liquidators manufactured and sold its Chinese Flooring to Plaintiffs and the Class members, and, in so doing, impliedly warranted to them that the product was of merchantable quality and fit for its intended use.

61.     However, Lumber Liquidators' Chinese Flooring was not of merchantable quality and not fit for intended use when it left the factory due to the defects in the Flooring described herein.

62.     Lumber Liquidators' Chinese Flooring would not pass without objection in the trade under Lumber Liquidators' product description.

63.     The numerous and serious defects described herein make the Chinese Flooring unfit and inappropriate for its intended use as a flooring for the interior of homes and buildings.

64.     Even after Plaintiffs became aware of the splintering and warping and gave notice to Lumber Liquidators, Lumber Liquidators failed to provide an adequate remedy.

65.     As a result, Lumber Liquidators breached its implied warranties to Plaintiffs and Class members by producing, manufacturing, distributing and selling them a defective product that was unfit for its intended use and for a particular purpose.

66.     Also, for the reasons set forth more fully above, the limitations and exclusions contained in the Lumber Liquidators' warranty, including the purported exclusion of implied warranties, are unconscionable and cause the Lumber Liquidators' warranty to fail of its essential purpose. Accordingly, such limitations and exclusions should not be enforced against Plaintiffs and the Class members.

67.     In addition, the alleged disclaimer of implied warranties in the Lumber Liquidators' warranty is not sufficiently conspicuous and is therefore not enforceable.

68.     As a direct and proximate result of Lumber Liquidators' breach of its implied warranties, Plaintiffs and Class Members have suffered actual and consequential damages.

## COUNT V
## FRAUDULENT MISREPRESENTATION/OMISSION
### (Damages Class)

69.     Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

70.     Lumber Liquidators falsely and fraudulently represented to Plaintiffs, the Class members, and/or the consuming public in general that Lumber

Liquidators' products would be free from defects and fit for their customary and normal use.

71.     Lumber Liquidators falsely represented to purchasers, consumer, and home owners that the Chinese Flooring was warranted against defects in material and workmanship when in fact the warranty was so limited as to prevent and preclude any warranty protection against the known defect in the Chinese Flooring.

72.     When said representations were made by Lumber Liquidators, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

73.     These representations were made by Lumber Liquidators with the intent of defrauding and deceiving the Plaintiffs, the Class members and/or the consuming public, all of which evinced reckless, willful, indifference to the safety and welfare of the Plaintiffs and the Class members.

74.     At the time the aforesaid representations were made by Lumber Liquidators, Plaintiffs and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

75.     In reliance upon said representations, the Plaintiffs' and Class members' properties were built using Lumber Liquidators' Chinese Flooring,

which were installed and used on Plaintiffs' and the Class members' properties thereby sustaining damage and injury and/or being at an increased risk of sustaining damage and injury in the future.

76. Lumber Liquidators knew and was aware, or should have been aware, that Lumber Liquidators' Chinese Flooring was defective and not fit for its customary and normal use.

77. Lumber Liquidators knew, or should have known, that Lumber Liquidators' Chinese Flooring had a potential to, could, and would cause severe damage and injury to property owners.

78. Lumber Liquidators brought its Chinese Flooring to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiffs and the Class members.

79. By reason of the foregoing, Plaintiffs and the Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VI
## NEGLIGENT MISREPRESENTATION
### (Damages Class)

80. Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporates by reference all foregoing allegations as though fully set forth herein.

81.     Lumber Liquidators made representations about the Chinese Flooring to Plaintiffs, Class members, and their agents or predecessors, as set forth in this complaint.

82.     Those representations were false.

83.     When Lumber Liquidators made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

84.     Lumber Liquidators knew that Plaintiffs, Class members, and their agents or predecessors, were relying on the representations.

85.     In reliance upon the representations, Plaintiffs and Class Members purchased the Chinese Flooring and installed on the Plaintiffs' and Class members' homes.

86.     As a direct and proximate result of Lumber Liquidators negligent misrepresentations, Plaintiffs and Class members have been damaged as set forth in this Complaint.

87.     As a direct and proximate result of the foregoing, Plaintiffs and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damage, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT VII
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (Damages Class)

88.     Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

89.     Plaintiffs and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

90.     Lumber Liquidators is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

91.     Lumber Liquidators' Chinese Flooring purchased separate from the initial construction of the structure constitutes a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

92.     Lumber Liquidators' express warranties and written affirmations of fact regarding the nature of the Chines Flooring, including that the flooring was free from defects and was in compliance with CARB formaldehyde standards and all other applicable laws and regulations, constitute written warranties within the meaning of 15 U.S.C. § 2301(6).

93.     Lumber Liquidators breached their warranties by:

     a.     Manufacturing, selling and/or distributing flooring that exceeds the CARB  formaldehyde standards;

      b.   Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

      c.   Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

94.    Lumber Liquidators' breach of its express warranties deprived Plaintiffs and the other Class members of the benefits of their bargains.

95.    As a direct and proximate result of Lumber Liquidators' breaches of its written warranties, Plaintiffs and the other Class members sustained damages in an amount to be determined at trial. Lumber Liquidators' conduct damaged Plaintiffs and the other Class members, who are entitled to recover damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

**COUNT VIII**
**UNJUST ENRICHMENT**
**(Damages Class)**
**(Pleading in the Alternative)**

96.    Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference the allegations contained in Paragraphs 1-29 hereof as though fully set forth herein.

97.    In the alternative to the contract/warranty claims pled herein, Plaintiffs and Class members aver that they conferred a benefit on Lumber Liquidators when they purchased the Chinese Flooring.

98.    Lumber Liquidators has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Lumber Liquidators' Chinese Flooring is defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers and caused the Plaintiffs and Class members to lose money as a result thereof.

99.    Plaintiffs and Class members suffered a loss of money as a result of Lumber Liquidators' unjust enrichment because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the unsafe Chinese Flooring had been known; (b) they paid a price premium due to the fact the Chinese Flooring would be free from defects; and (c) the Chinese Flooring did not perform as promised.

100.   Because Lumber Liquidators' retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable,

Lumber Liquidators must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

101.  Plaintiffs and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendant from its deceptive, misleading, and unlawful conduct.

## COUNT IX
## Bad Faith Litigation Expenses
### (Damages Class)

102.  Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

103.  The fraudulent conduct and other conduct of Lumber Liquidators as alleged herein constitutes bad faith such as to warrant an award to Plaintiffs and the Damages Class of their expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT X
## DECLARATORY RELIEF 28 U.S.C. § 2201
### (Pleading in the Alternative)
### (Declaratory Relief Class)

104.  Plaintiffs, on behalf of themselves and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set

forth herein.

105.   Lumber Liquidators has acted or refused to act on grounds that apply generally to the Declaratory Relief Class, so that declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiffs seek a declaratory judgment that:

    a.   The Chinese Flooring has a defect which results in unsafe levels of formaldehyde emissions and further results in premature deterioration and/or failure of the flooring.

    b.   The defect in the Chinese Flooring is material and requires Defendant to disclose the existence of the defect to all members of Declaratory Relief Class by the best practicable method, with the cost of such notice to be borne solely by Lumber Liquidators;

    c.   Lumber Liquidators is to establish an inspection program and protocol, under Court supervision, to be communicated to class members, which will require Lumber Liquidators to inspect, upon request, a class member's structure to determine formaldehyde emissions levels.  Any disputes over coverage shall be adjudicated by a Special Master appointed by the Court and/or agreed to by the parties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated, pray for a judgment against Defendants as follows:

    a.   For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiffs as representatives of the Classes, and appointing the law firms representing Plaintiffs as Class Counsel;

b.      For compensatory damages sustained by Plaintiffs and the Damages Class;

c.      For equitable and/or declaratory relief for the Declaratory Relief Class;

d.      For payment of costs of suit herein incurred;

e.      For both pre-judgment and post-judgment interest on any amounts awarded;

f.      For payment of expenses of litigation, including reasonable attorneys' fees and costs as may be allowable under applicable law; and

g.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs individually and on behalf of the Class Members, hereby demand a trial by jury as to all issues so triable.

This 6th day of March, 2015.

s/  Joseph Coomes, Esq.
Georgia Bar No. 184999
McConnell & Sneed, LLC
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Email: ajc@mcconnellsneed.com
*Attorneys for Plaintiffs*

Daniel K. Bryson, Esq.*
Scott Harris, Esq.*
Whitfield Bryson & Mason, LLP

900 W. Morgan Street
Raleigh, NC  27603
Tel: (919) 600-5003
Email:  dan@wbmllp.com
*Attorneys for Plaintiffs*

*Applications for Pro Hac Vice Admission
to be filed